**Charles ROBERT also know as Snowflake 45391, Plaintiff–Appellant,**

v.

**DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

**No. 05–4660–cv.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2007.

Charles Robert (Pro se), New York, NY, for Petitioner.

Susan L. Riley, Assistant United States Attorney (F. Franklin Amanat, Assistant United States Attorney, on the brief), for

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. PETER W. HALL,* Circuit Judges.

## SUMMARY ORDER

Charles Robert, pro se, appeals from a grant of summary judgment by the United States District Court for the Eastern District of New York (Irizarry, *J.*), dismissing claims brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Acting pursuant to FOIA, Robert requested that the Health Care Financing Administration of the Department of Health and Human Services disclose to him the "universe of documents" upon which the division's former Director, Sally K. Richardson, relied when she wrote: 1) a December 30, 1993 letter to Howard Gibbs, Assistant General Counsel of the New York City Human Resources Administration; and 2) a June 5, 1996, memorandum to State Medicaid Directors. The agency denied the request on the grounds that the responsive documents were exempt from disclosure under 5 U.S.C. § 552(b)(5). This section exempts from disclosure "interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," including attorney work-product or documents protected by attorney-client privilege. 5 U.S.C. § 552(b)(5); *Wood v. FBI*, 432 F.3d 78, 83 (2d Cir.2005). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

We review *de novo* a district court's grant of summary judgment in a FOIA action. *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 355 (2d Cir.2005).

The district court's rulings regarding discovery and related procedural matters are reviewed for abuse of discretion. *See, e.g., Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 813 (2d Cir.1994).

FOIA requires an agency to disclose records unless they fall within one of the exemptions set forth in the Act, *see* 5 U.S.C. § 552(a)(3), (b)(1)–(9). Exemptions are construed narrowly and the government bears the burden of establishing that a claimed exemption applies. *Wood*, 432 F.3d at 83. The exemption at issue in this case—exemption 5—protects from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental policies are formulated [the 'deliberative process privilege']." *Wood*, 432 F.3d at 83 (internal citation omitted); *see also* 5 U.S.C. § 552(b)(5).

The documents sought by Robert were: 1) "a one page request from an operating division to the [Office of General Counsel] seeking review and comment on the attached draft"; and 2) "a nine page memoranda consisting of OGC's response to its client's request, which include[d] legal advice, analysis and proposed draft revisions." The district court correctly concluded that the documents were subject to the deliberative-process exception because they were "pre-decisional" and "deliberative." *See Nat'l Council of La Raza*, 411 F.3d at 356. This does not end the inquiry, however, as "[n]ot every document that meets the requirements of Exemption 5[ ] may be withheld." *Wood*, 432 F.3d at 83. An agency may be required to disclose a document entitled to protection under the deliberative process privilege if the agency had chose "expressly to adopt or incorporate by reference an intra-agency memo-

* The Honorable Richard C. Wesley was originally assigned to sit on this panel but recused himself before oral argument. This case is decided by the two remaining members of the panel pursuant to Section 0.14(b) of the Local Rules.

randum previously covered by Exemption 5 in what would otherwise be a final opinion.'" *Nat'l Labor Relations Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 161, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Nat'l Council of La Raza,* 411 F.3d at 356.

Robert contends that the documents he seeks were incorporated into the 1993 and 1996 Richardson memoranda. We disagree. These memoranda make no explicit reference to the undisclosed documents or any other documents. Nor does the analysis of the Medicaid lien issue in the memoranda suggest reliance on anything other than federal statutes and regulations. In addition, the record reveals no public references to the withheld documents in attempts to articulate the agency's policy on the lien issue. *See Nat'l Council of La Raza,* 411 F.3d at 358 (ruling that a predecisional memorandum must be disclosed in light of the agency's repeated reference to the memorandum and its reasoning in justifying a change in the agency's policy); *Wood,* 432 F.3d at 84 (ruling that "[t]here [was] no evidence in the record from which it could be inferred that DOJ adopted the reasoning of the Memo" where no high-level DOJ official made any public reference to the memo). Given the complete absence from the record of any public reference to the undisclosed memoranda, *in camera* review of the documents was not required. *See generally Woods,* 432 F.3d at 86 ("[D]iscovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." (quoting *Carney,* 19 F.3d at 812) (internal quotation marks omitted)). There is, therefore, no evidence in the record that HHS expressly adopted or in-

corporated by reference either of the two undisclosed documents.

We also decline to consider Robert's arguments relating to the "CMS Jackson" documents as Robert admitted that the letter concerned a separate request from the documents at issue in this case and that he withdrew his request for the district court to review those documents. We have reviewed Robert's other contentions and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.